# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR MEDICAL DEPARTMENT,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:16-cv-00237 DLB<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR COUNSEL<br><br>(Document 16) |

　　　　Plaintiff Edwin Garcia ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff filed this action on February 19, 2016.

　　　　On June 29, 2016, the Court issued an order to show cause why this action should not be dismissed for failure to follow a Court order and failure to prosecute.  Plaintiff was ordered to file response within twenty-one (21) days.

　　　　On July 11, 2016, Plaintiff filed his response.  The Court discharged the order on July 13, 2016, and granted Plaintiff an additional thirty (30) days to file an amended complaint.

　　　　On August 2, 2016, Plaintiff filed a letter with the Court indicating that he could not comply with Court orders because he is illiterate.  He also stated that he "must, and will, seek different venue of proceeding further."  ECF No. 14.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on April 18, 2016.

On August 10, 2016, the Court ordered Plaintiff to clarify his intent to prosecute this action.

Plaintiff responded on August 25, 2016, and indicated that he does not want to dismiss this action, but needs assistance because he unable to read or write in English. He believes that the Court has denied him assistance in this regard, and explains that he is seeking alternate help. He also requests that he be granted leave to retain counsel upon his release from custody.

Insofar as Plaintiff is requesting counsel now, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).

The Court cannot appoint counsel solely because Plaintiff cannot speak or write English. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status, his incarceration and his limited English skills, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not. Plaintiff's claim is relatively straightforward, and the Court has provided the legal standards to follow in attempting to state a claim.

Accordingly, Plaintiff's motion for the appointment of counsel is DENIED WITHOUT PREJUDICE. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **August 26, 2016**                    /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE