# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS MEDICAL DEPARTMENT OF DELANO,<br><br>    Defendant. | Case No. 1:16-cv-00237-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM VOLUNTARY DISMISSAL<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 25) |

**I.    Background**

Plaintiff Edwin Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on February 19, 2016. (ECF No. 1.) Plaintiff consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 8.)

On May 11, 2016, the then-assigned Magistrate Judge screened Plaintiff's complaint and dismissed it with leave to amend within thirty days. (ECF No. 10.) Following multiple extensions of time to file an amended complaint, on January 20, 2017, the Court received a "Motion to Withdraw 42 USC § 1983 Lawsuit." (ECF No. 23 at p. 1.) The motion was signed by

1

Plaintiff and dated January 16, 2017. (*Id.*) In the motion, Plaintiff requested that the Court grant his motion to withdraw the complaint against the California Department of Corrections Medical Department of Delano. Plaintiff indicated that he instead intended to pursue his state claims and causes of action "beyond the jurisdiction of this court." (*Id.*)

On January 25, 2017, the Court construed Plaintiff's motion as one requesting voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a), and directed the Clerk of the Court to close the file in this case and to adjust the docket to reflect voluntary dismissal without prejudice pursuant to Rule 41(a). (ECF No. 24.) The action was closed the same day.

On July 13, 2017, Plaintiff submitted a letter to the Court regarding this action. In the letter, Plaintiff states that that this action was withdrawn without his acknowledgment or consent. Plaintiff explains that he does not read or write English or Spanish and has a TABE Score of 1.0 for his reading and writing. Plaintiff avers that due to his lack of comprehension, he never knew or understood why the Court withdrew his lawsuit. Additionally, Plaintiff contends that his legal mail has been tampered with by the California Department of Corrections and Rehabilitation and that he has no paperwork for this case because the person assisting him transferred to a different prison and took his paperwork. Plaintiff now requests the appointment of counsel to assist him with reopening this action.

The Court construes letter as a motion for relief pursuant to Federal Rule of Civil Procedure 60(b), along with a motion for the appointment of counsel.

**II.     Motion for Reconsideration - Rule 60(b)**

**A.  Legal Standard**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order, judgment or proceeding on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Motions made under Rule 60(b) must be made within a reasonable time, "and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or

order or date of the proceeding." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam)).

### B. Discussion

Plaintiff's moving papers suggest that the withdrawal resulted from a mistake. Rule 60(b)(1) allows the Court to relieve a party from a final judgment, order or proceeding due to mistake, inadvertence, surprise or excusable neglect. Fed. R. Civ. P. 60(b)(1). However, Plaintiff's assertion that this action was withdrawn without his acknowledgement or consent appears to be contradicted by the motion to withdraw, which bears his signature. (ECF No. 23; see e.g., ECF No. 1.)

Under Rule 60(b)(1), "[r]elief will not be granted if the mistake, inadvertence, or excusable neglect is due to the carelessness on the part of the litigant or his attorney." *Timbisha Shoshone Tribe v. Kennedy*, 267 F.R.D. 333, 336 (E.D.Cal.2010) (citation and quotation marks omitted). Rather, Rule 60(b)(1) requires some justification for "an error beyond a mere failure to exercise due care." *Id.* Further, Rule 60(b)(1) is "not intended to remedy the effect of a litigation decision that a party comes later to regret." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006). "For the purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel . . . ." *Id.*

Here, the Court finds that Plaintiff has not provided a sufficient justification for his failure to inquire as to the contents of the motion to withdraw. There is no explanation as to why he failed to exercise due care, particularly where he admits to an inability to read or write English. Further, Plaintiff does not adequately justify why the signed motion to withdraw was filed mistakenly or purportedly without his consent. That Plaintiff now regrets any decision to submit a signed withdrawal of this action is not a sufficient ground warranting relief. Accordingly, Plaintiff's request for reconsideration shall be denied.

Additionally, Plaintiff's related motion for the appointment of counsel shall be denied.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C.§ 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted). Here, the Court does not find the requisite exceptional circumstances. Plaintiff has not demonstrated likelihood of success on the merits of his underlying claims, and the Court notes that Plaintiff has been unable to state a cognizable claim for relief and there is no operative complaint on file in this action.

### III. Conclusion and Order

For the reasons stated, Plaintiff's motion for reconsideration and appointment of counsel (ECF No. 25) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **August 4, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE